J-S08008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS ANTHONY SCOTT | : | |
| | : | |
| Appellant | : | No. 586 WDA 2017 |

Appeal from the PCRA Order March 17, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0003918-2011

BEFORE:   LAZARUS, J., KUNSELMAN, J., and STEVENS*, P.J.E.

MEMORANDUM BY LAZARUS, J.:                **FILED FEBRUARY 27, 2018**

Thomas Scott appeals from the order, entered in the Court of Common Pleas of Allegheny County, dismissing his second petition[1] filed under the Post Conviction Relief Act ("PCRA), 42 Pa.C.S. §§ 9541-46.  We affirm.

Scott was tried before a jury and convicted of two counts each of assault of a law enforcement officer, aggravated assault, and recklessly endangering another person.[2] On August 29, 2011, the court sentenced him to an

---

[1] Scott's petition was labeled a "Petition for Writ of Habeas Corpus or Coram Nobis." The PCRA court properly addressed it as a PCRA petition.  **See** 42 Pa.C.S. § 9542 (PCRA is "sole means obtaining collateral relief and encompasses all other common law and statutory remedies . . .  including habeas corpus and coram nobis.").

[2] 18 Pa.C.S. §§ 2702.1, 2702, 2705, respectively.

---

*   Former Justice specially assigned to the Superior Court.

aggregate term of imprisonment of 20-40 years.[3] On direct appeal, this Court affirmed the judgment of sentence. *Commonwealth v. Scott*, No. 1582 WDA 2011 (unpublished memorandum, filed June 18, 2013). On November 19, 2013, our Supreme Court denied Scott's petition for allowance of appeal. *Commonwealth v. Scott*, 80 A.3d 776 (Pa. 2013). *See* Pa.R.A.P. 1113(a), 42 Pa.C.S. § 5505.

On April 30, 2014, Scott filed a timely petition under the PCRA, which was denied. On appeal, this Court affirmed the PCRA court's denial of relief. *Commonwealth v. Scott*, No. 1354 WDA 2014 (unpublished memorandum, filed December 14, 2015). Scott filed another petition on February 24, 2016,

---

[3] The Sentencing Code provides, in relevant part:

> (a) Mandatory sentence.—A person convicted of the following offense shall be sentenced to a mandatory term of imprisonment as follows:
>
> > 18 Pa.C.S. § 2702.1(a) (relating to assault of law enforcement officer) -not less than 20 years.

42 Pa.C.S. § 9719.1.

Section 2702.1 defines the crime of assault of a law enforcement officer in the first degree as follows:

> Assault of a law enforcement officer in the first degree.—A person commits a felony of the first degree who attempts to cause or intentionally or knowingly causes bodily injury to a law enforcement officer, while in the performance of duty and with knowledge that the victim is a law enforcement officer, by discharging a firearm.

18 Pa.C.S. § 2702.1(a).

but sought to withdraw it on April 12, 2016; the court granted Scott's petition to withdraw on June 20, 2016. Seven months later, on January 17, 2017, Scott filed the instant petition, and the PCRA court filed a Pa.R.Crim.P. 907 notice of intent to dismiss on February 21, 2017. Scott filed an answer on March 13, 2017, and the PCRA court denied the petition on March 20, 2017. This appeal followed.

Scott raises the following issues for our review:

1. Are habeas corpus and coram nobis relief still available for individuals whose PCRA counsel rendered ineffective assistance?

2. Is applying the PCRA's timeliness restriction to individuals raising claims of ineffective assistance when the challenged attorney's act or omission took place after the initial filing period elapsed, unconstitutional?

3. When a defendant has a claim that would otherwise entitle him to relief but has lost that claim due to counsel's error, is it unconstitutional to deny relief by giving the interest of finality more weight than the interests of justice, fundamental fairness, and accurate results?

4. Since **Alleyne v. United States**, 133 S. Ct. 2151 (2013) was decided before the judgment of sentence became final, did PCRA counsel render ineffective assistance by failing to challenge [Scott's] illegal sentence?

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

- 3 -

***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014); ***Commonwealth v. Brandon***, 51 A.3d 231, 233 (Pa. Super. 2012).

A PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment of sentence becomes final. See 42 Pa.C.S.A. § 9545(b)(1); ***see also Commonwealth v. Bretz***, 830 A.2d 1273, 1275 (Pa. Super. 2003). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3); ***see also Commonwealth v. Pollard***, 911 A.2d 1005, 1007 (Pa. Super. 2006).

Here, Scott did not seek a writ of certiorari from the United States Supreme Court. Therefore, his judgment of sentence became final on February 17, 2014, when the 90-day period for Scott to file a petition for a writ of certiorari expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); U.S. Sup. Ct. R. 13(1). Thus, he had one year from that date, or until February 17, 2015, to file a timely PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b).

Scott did not file the instant petition until January 17, 2017, almost three years after his judgment of sentence became final. Accordingly, the PCRA court had no jurisdiction to entertain the petition unless he pleaded and proved one of the three statutory exceptions to the time bar:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition invoking one of the exceptions to the time bar must be filed within 60 days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). The time limits set forth in the PCRA are jurisdictional in nature, implicating a court's very power to adjudicate a controversy. **Commonwealth v. Ali**, 86 A.3d 173, 177 (Pa. 2014). Accordingly, the period for filing a PCRA petition is not subject to the doctrine of equitable tolling and can be extended only by operation of one of the above-enumerated exceptions to the PCRA time-bar. **Id.**

It is also settled that **Alleyne** does not invalidate a mandatory minimum sentence when presented in an untimely PCRA petition. **See Commonwealth v. Miller**, 102 A.3d 988 (Pa. Super. 2014). In concluding **Alleyne** does not satisfy the new retroactive constitutional right exception to the PCRA's one year time bar, 42 Pa.C.S. § 9545(b)(1)(iii), the **Miller** Court explained:

Even assuming that **Alleyne** did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that **Alleyne** is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases.

- 5 -

*Id.* at 995 (citations omitted) (emphasis supplied).[4]  Furthermore, this Court also recently declined to give *Alleyne* retroactive effect to cases on timely collateral review when the defendant's judgment of sentence was finalized before *Alleyne* was decided.  *See Commonwealth v. Riggle*, 119 A.3d 1058 (Pa. Super. 2015).

*Alleyne* was decided on June 17, 2013, *before* Scott's judgment of sentence became final.  The *Newman* Court instructed that *Alleyne* applies only to cases pending on direct appeal as of June 17, 2013, the date of the *Alleyne* decision.  *See Newman*, 99 A.3d at 90.  Thus, although Scott's case was pending on direct appeal (*Alleyne* was decided one day before this Court affirmed on direct appeal, and five months before the Pennsylvania Supreme Court denied his petition for allowance of appeal), he did not pursue a claim under *Alleyne*, and PCRA counsel did not pursue that claim in Scott's first timely PCRA petition, which was filed on April 30, 2014, over one year after the *Alleyne* decision.  However, and as Scott acknowledges, it is well settled that ineffective assistance of counsel is *not* recognized as an exception to the PCRA time requirement.  *See Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 786 (Pa. 2000) ("[t]he allegation of ineffective assistance of counsel for

---

[4] Because the timeliness requirement of the PCRA is jurisdictional and was not met, the merits of this claim cannot be addressed by this Court.  *See Miller*, 102 A.3d at 995 (stating that although *Alleyne* claims implicate the legality of the sentence, courts cannot review such a claim where the court does not have jurisdiction).

failure to put forward available claims does not excuse compliance with the timeliness requirements of the PCRA.").[5]  Scott claims, therefore, that he should be entitled to extraordinary relief, in the form of habeas corpus or coram nobis.  His attempt at circumventing the strictures of the statutory framework of the PCRA, however, fails.

In *Commonwealth v. Descardes*, 136 A.3d 493 (Pa. 2016), our Supreme Court held that the trial court's treatment of a petition for writ of error coram nobis as a PCRA petition was proper, citing the plain language of section 9542 of the PCRA:

> This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. **The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis.**

42 Pa.C.S. § 9542 (emphasis added).  *See Descardes*, 136 A.3d at 497-98.

The Court emphasized that it has "consistently held that, pursuant to the plain language of Section 9542, where a claim is cognizable under the PCRA, the PCRA is the only method of obtaining collateral review." *Id*. at 501.  It is not

---

[5] The Supreme Court of Pennsylvania has recognized a distinction between situations in which counsel "has narrowed the ambit of appellate review by the claims he has raised or foregone versus those instances [] in which counsel has failed to file an appeal at all." *Commonwealth v. Halley*, 870 A.2d 795 (Pa. 2005); *Commonwealth v. Lantzy*, 736 A.2d 564 (Pa. 1999).

the case here that Scott's rights could only be vindicated outside the framework of the PCRA. The fact that Scott's claim was not pursued does not change the fact that it could have been raised under the PCRA.[6] ***Descardes***, ***supra***.

We find no error. ***Lawson***, ***supra***; ***Brandon***, ***supra***. Scott's petition is untimely, without exception, and thus the PCRA had no jurisdiction to entertain the petition. We, therefore, affirm the PCRA court's order dismissing Scott's PCRA petition.

Order affirm.

_____

[6] We note that in ***Commonwealth v. Reid***, 117 A.3d 777 (Pa. Super. 2015), this Court determined that the mandatory sentence provision at issue here does not implicate ***Alleyne***. We stated:

> Section 9719.1 does not require proof of any additional elements beyond those already required to convict a defendant of assault of a law enforcement officer in the first degree under 18 Pa.C.S. § 2702.1(a). Nor does section 9719.1 follow the statutory scheme that allowed a trial court to apply a mandatory minimum sentence if the Commonwealth established the triggering fact for the mandatory minimum by a preponderance of the evidence, which this Court found unconstitutional under ***Alleyne***. . . . Instead, section 9719.1 simply describes the legislatively-required sentence for an offender convicted of assaulting a law enforcement officer pursuant to section 2702.1(a). Because it does not require proof of facts that increase a mandatory minimum sentence, and does not follow the statutory construction that allowed trial courts to find such facts by a preponderance of the evidence at sentencing, section 9719.1 is not unconstitutional under ***Alleyne*** or its Pennsylvania progeny.

***Id.*** at 785-86 (footnote omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  2/27/2018